UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RASHAWAN ANTONIO MULDROW,**

    **Petitioner,**

v.                                        Case No. 8:18-cv-515-T-35TGW

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## O R D E R

This cause is before the Court on Petitioner Rashawn Antonio Muldrow's timely-filed *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of the petition, the response (Doc. 5), and the reply (Doc. 9), and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, it is **ORDERED** that the petition is **DENIED**.

### PROCEDURAL BACKGROUND

The State of Florida charged Muldrow with sexual battery with threat of force. (Doc. 7, Ex. 1) A jury convicted Muldrow of sexual battery, a lesser included offense. (Doc. 7, Ex. 3) The trial court sentenced Muldrow to 10 years. (Doc. 7, Ex. 6) The state appellate court affirmed the conviction and sentence in a *per curiam* decision without a written opinion. (Doc. 7, Ex. 9) Muldrow did not seek post-conviction relief in state court and filed the federal petition in this case.

## **FACTS**[1]

L.G. accused Muldrow of sexual assault after Muldrow drove L.G. home from work one evening. The two first went to Muldrow's friend's house and then to Muldrow's girlfriend's house. In the course of their travels L.G. became frightened that Muldrow was not going to take her home and she called 911. L.G. told the operator, "Please help me. . . . This guy from work took me. Now he's not taking me home." L.G. could not provide an address and only knew that she was in Winter Haven. The operator located L.G. and dispatched police. Before police arrived, Muldrow departed and drove L.G. down a dirt road and assaulted her by forcing oral and vaginal sex. After assaulting her Muldrow allowed L.G. to drive his car to her house because he did not know where she lived. Once there, L.G. ran inside and her boyfriend called the police. A nurse observed scratches and bruises on L.G.'s back and more scratches on her arm and rib cage. DNA from a vaginal swab matched Muldrow's DNA profile.

Muldrow claimed that the sex was consensual. Muldrow's friends testified that Muldrow and L.G. came over to their house, ate dinner, and drank alcohol for several hours and that L.G. also smoked marijuana outside. They testified that L.G. showed affection to Muldrow and never asked him to take her home. Muldrow testified that he and L.G. drank alcohol on the way to his friend's house. Muldrow denied threatening L.G. or forcing her to have sex with him.

---

[1] The factual summary is derived from the briefs on direct appeal and the trial transcripts.

## **STANDARDS OF REVIEW**

**I.     AEDPA**

Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Muldrow filed his federal petition after the enactment of the Antiterrorism and Effective Death Penalty Act, AEDPA governs his claims. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA amended 28 U.S.C. § 2254(d) to require:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). A decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Clearly established federal law refers to the holdings of

3

opinions by the U.S. Supreme Court at the time of the relevant state court decision. *Williams*, 529 U.S. at 412.

"[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 694 (2002). An unreasonable application is "different from an incorrect one." *Id.* Even clear error is not enough. *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017). A federal petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of [fair-minded] disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state appellate court affirmed Muldrow's conviction and sentence in an unelaborated decision. (Doc. 7, Ex. 9) A federal court "'look[s] through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume[s] that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The trial court's adjudication of Muldrow's claims on the merits is owed deference under Section 2254(d). (Doc. 7, Ex. 2, Vol. III at 326–27) (Oral Ruling on Objection to Admission of 911 Recording); (*Id.*, Vol. V at 669) (Oral Ruling Denying Motion for New Trial).

## II.     Exhaustion and Procedural Default

A petitioner must exhaust the remedies available in state court before a federal court can grant relief on federal habeas. 28 U.S.C. § 2254(b)(1)(A). The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one

4

full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal court may stay — or dismiss without prejudice — a habeas case to allow a petitioner to return to state court to exhaust a claim. *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). If the state court would dismiss the claim under state procedural rules, the federal court instead denies the claim as procedurally barred. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). A petitioner may excuse a procedural default on federal habeas by (1) showing cause for the default and actual prejudice from the alleged violation of federal law or (2) demonstrating manifest injustice. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

## **DISCUSSION**

**Ground One**

Muldrow asserts that the trial court violated his federal constitutional rights at trial by admitting the 911 recording. (Doc. 1 at 4–6) Muldrow contends that the recording contained inadmissible hearsay statements, and the spontaneous statement and excited utterance exceptions did not apply. (Doc. 1 at 4)

Muldrow raised the claim in his brief on direct appeal (Doc. 7, Ex. 7 at 23–26) but argued that the trial court abused its discretion by ruling contrary to state rules of

evidence and state court opinions. Muldrow neither labeled the claim "federal," nor cited the federal constitution or a case deciding a similar claim on federal law. *Reese*, 541 U.S. at 32. Because Muldrow did not fairly present the federal nature of the claim to the state court, the ground is unexhausted. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

The respondent does not argue that the ground was unexhausted (Doc. 5 at 12–13) but does not expressly waive exhaustion either. *Dill v. Holt*, 371 F.3d 1301, 1302 n.1 (11th Cir. 2004). *Accord McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005) ("[T]he State's failure to raise exhaustion does not constitute a waiver under AEDPA, which mandates that '[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.'") (quoting 28 U.S.C. § 2254(b)(3)).

If Muldrow returned to state court to exhaust the claim, the state court would dismiss the claim as untimely and barred on post-conviction because the claim could have been raised at trial and on direct appeal. Fla. R. Crim. P. 3.850(b), (c). Consequently, the ground is procedurally barred. *Snowden*, 135 F.3d at 736.

Also, while Muldrow briefly asserts that the trial court denied his federal constitutional rights (Doc. 1 at 6), the ground is otherwise entirely based on the state court's violation of state rules of evidence. (Doc. 1 at 4–6) The state law claim couched in federal constitutional law is not cognizable on federal habeas. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Before the prosecutor introduced the 911 recording into evidence, trial counsel objected based on hearsay and the trial court overruled the objection. (Doc. 7, Ex. 2, Vol. III at 326–27) Whether the 911 recording was admissible under state rules of evidence is an issue of state law, and a state court's determination of state law receives deference in federal court. *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) ("The federal courts must defer to a state court's interpretation of its own rules of evidence and procedure.").

Before the trial court admitted the 911 recording, L.G. testified that she had asked Muldrow, whom she had just met, to take her home at least six times. (Doc. 7, Ex. 2, Vol. III at 318–25) Muldrow ignored her, drove her a far distance from her home against her will, and acted strangely by shadowboxing in the middle of the street and offering to leave his girlfriend. (*Id.* at 318–25) L.G. was distressed, called 911, and asked the operator for help. (Doc. 7, Ex. 2, Vol. III at 327–28) On the 911 recording, L.G. repeatedly told someone to "stop." (*Id.*) Both L.G.'s testimony and the 911 recording laid a predicate for the admission of the statements as excited utterances. Fla. Stat. § 90.803(2); *Baity v. State*, 277 So. 3d 752, 754 (Fla. 1st DCA 2019); *Werley v. State*, 814 So. 2d 1159, 1161 (Fla. 1st DCA 2002).

L.G. also told the operator that she was in Winter Haven and a coworker refused to take her home. (Doc. 7, Ex. 2, Vol. III at 327–28) L.G. described these events as the events were occurring and, consequently, the statements could also have been deemed admissible as spontaneous statements. Fla. Stat. § 90.803(1); *Thompson v. State*, 247 So. 3d 706, 708–09 (Fla. 3d DCA 2018).

7

The 911 recording was relevant and admissible. Because he does not identify a U.S. Supreme Court decision that the state court ruled contrary to or unreasonably applied, Muldrow does not meet his burden under Section 2254(d). *Accord Estelle v. McGuire*, 502 U.S. 62, 70 (1991); *Moore v. Illinois*, 408 U.S. 786, 799–800 (1972).

Muldrow argues that the trial court failed to make findings before admitting the statements under the hearsay exceptions. (Doc. 1 at 5–6) Muldrow did not raise this claim in his brief on direct appeal (Doc. 7, Ex. 7 at 23–26) and, consequently, the claim is unexhausted and procedurally barred. *Boerckel*, 526 U.S. at 845; *Snowden*, 135 F.3d at 736. The trial court made implicit findings, and L.G.'s testimony and the 911 recording supported those findings. *Livingston v. State*, 219 So. 3d 911, 915–16 (Fla. 2d DCA 2017). *See also Raymond v. State*, 257 So. 3d 624, 628 (Fla. 5th DCA 2018).

Muldrow further argues that L.G.'s statements were not admissible as spontaneous statements because the statements were not trustworthy. (Doc. 1 at 5) Muldrow contends that, while L.G. testified that Muldrow was outside the car when she called 911, L.G. could be heard on the 911 recording telling Muldrow to stop touching her which indicates that he was inside the car. (Doc. 1 at 5) L.G. testified that she called 911 while Muldrow was outside of the car and Muldrow took her telephone when he got back inside the car. (Doc. 7, Ex. 2, Vol. III at 325) On cross-examination, L.G. did testify that Muldrow never got out of the car (*Id.* at 364) but later clarified that Muldrow got out of the car to close the gate at his home. (*Id.* at 365–66)

"A spontaneous statement is trustworthy because 'the substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misinterpretation.'" *Deparvine v. State*, 995 So. 2d 351, 367–68 (Fla. 2008)

8

(quoting Law Revision Council Note to Fla. Stat. § 90.803 (1976)). The prosecution had to establish by the preponderance of the evidence that the factual circumstances supported the admission of the statements. *Beckman v. State*, 230 So. 3d 77, 90 (Fla. 3d DCA 2017). Because L.G. described the events as the events were occurring, the circumstances were trustworthy. Ground One is denied.

**Ground Two**

Muldrow asserts that the trial court violated his federal constitutional rights by ruling on his motion for new trial without identifying the correct legal standard. (Doc. 1 at 7–9) Muldrow asks for relief on the motion. (Doc. 1 at 8–9)

The respondent correctly argues that the ground is unexhausted and procedurally barred. (Doc. 5 at 13–16) Muldrow raised the claim in his brief on direct appeal, (Doc. 7, Ex. 7 at 27–30), but he neither labeled the claim "federal," nor cited the federal constitution or a case deciding a similar claim on federal law. *Reese*, 541 U.S. at 32. Muldrow cited only state rules of procedure and state court opinions. (Doc. 7, Ex. 7 at 27–30) Because Muldrow did not fairly present the federal nature of the claim to the state court, the ground is unexhausted. *Preston v. Sec'y, Fla. Dep't Corrs.*, 785 F.3d 449, 458 (11th Cir. 2015). Muldrow neither shows cause and prejudice nor demonstrates manifest injustice to excuse the default. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37. If Muldrow returned to state court to exhaust the claim, the state court would dismiss the claim as untimely and barred on post-conviction because the claim could have been raised at trial and on direct appeal. Fla. R. Crim. P. 3.850(b), (c). Consequently, the ground is procedurally barred. *Snowden*, 135 F.3d at 736.

9

Whether the state court applied the correct legal standard is an issue of state law, and a federal habeas petitioner is not entitled to relief for a violation of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.") (italics in original). Muldrow's state law claim couched in federal constitutional law is not cognizable on federal habeas. *Branan*, 861 F.2d 1507, 1508.

Even so, Muldrow's trial counsel orally moved for a new trial and identified the correct legal standard. (Doc. 7, Ex. 2, Vol. V at 667–69) The trial court orally denied the motion by ruling, "Your motion is denied." (*Id.* at 669) This summary denial did not violate state law. *Moreland v. State*, 253 So. 3d 1245, 1247 (Fla. 1st DCA 2018) ("In the absence of demonstrated error, orders on new trial motions come to appellate courts cloaked with a presumption of correctness in which reasonable inferences and deductions must be taken in a manner favorable to affirming a trial court's ruling, not reversing it."). *Accord Barr v. State*, 293 So. 3d 592, 594 (Fla. 1st DCA 2020). Because he does not identify a U.S. Supreme Court decision that the state court ruled contrary to or unreasonably applied, Muldrow does not meet his burden under Section 2254(d). *Accord Hudson v. Louisiana*, 450 U.S. 40, 44 n.5 (1981).

Lastly, a federal habeas court cannot grant relief on grounds that a state court jury verdict is contrary to the weight of the evidence. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."). *Accord State v. May*, 703 So. 2d 1097, 1099 (Fla. 2d DCA 1997) ("[A] successor judge, who like an appellate court would be forced to rely on a 'cold' record, generally

does not have the authority to entertain a new trial motion based on the 'greater weight of the evidence.'"). Ground Two is denied.

Accordingly, it is **ORDERED** that Muldrow's petition (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Muldrow and **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY
## AND
## LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

**IT IS FURTHER ORDERED** that Muldrow is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus does not have an absolute right to appeal a district court's order denying his petition. Rather, a court must first issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court denies the claim on procedural grounds, a petitioner must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Because Muldrow does not show either, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is also **DENIED**. Muldrow must obtain permission from the court of appeals to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on November 9, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE